**Leo BOONE, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–16805.
D.C. No. CV–03–00523–PJH.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 8, 2004.

Decided Oct. 21, 2004.

Martin Resendez Guajardo, Esq., San Francisco, CA, for Petitioner.

Edward Olsen, Esq., San Francisco, CA, for Respondent.

Before TROTT, MCKEOWN, Circuit Judges, and SHADUR, Senior District Judge.*

* The Honorable Milton I. Shadur, Senior Judge for the United States District Court for the Northern District of Illinois, sitting by designation.

750

MEMORANDUM **

Leo Boone appeals the district court's denial of his petition for habeas corpus. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Boone, a lawful permanent resident of the United States, was charged with willfully manufacturing methamphetamine in violation of California Health & Safety Code § 11379.6(a). He pleaded guilty to the charge and was convicted. The Immigration and Naturalization Service, now the Department of Homeland Security, initiated removal proceedings because Boone had been convicted of an aggravated felony. Before the Immigration Judge ("IJ"), Boone requested cancellation of removal on the ground that he was not convicted of an aggravated felony because section 11379.6 does not require *mens rea* but the analagous federal crime requires knowledge. The IJ denied his request, and the Board of Immigration Appeals affirmed. Boone petitioned the district court for habeas corpus relief, which was denied.

■ A state drug offense is an aggravated felony for immigration purposes only if it would be punishable as a felony under federal drug law. *Cazarez-Gutierrez v. Ashcroft*, 382 F.3d 905, 912 (9th Cir.2004). Federal drug law makes it "unlawful for any person knowingly or intentionally to manufacture, distribute, or dispense, a controlled substance." 21 U.S.C. § 841(a)(1). Boone pleaded guilty to willfully manufacturing methamphetamine and was therefore convicted of conduct that would be punishable under federal drug law. Under the modified categorical approach, *see Chang v. INS*, 307 F.3d 1185,

1189–90 (9th Cir.2002), Boone was convicted of an aggravated felony.

■ In his petition for habeas relief, Boone also claimed that he was denied the right to counsel of his choice. Boone was represented at all times, and he was not denied the right to counsel of choice.

AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

